## MRS. ARTHUR S. BRINKLEY AND HER HUSBAND v. THE PULLMAN COMPANY, INC.

(Filed 21 March, 1928.)

APPEAL by plaintiffs from *Townsend, Special Judge,* at November Special Term, 1927, of WAKE. No error.

Action to recover the value of a diamond and platinum bar pin, alleged to have been lost by the *feme* plaintiff, while a passenger on a sleeping car of defendant, at Raleigh, as the result of the negligence of defendant, or of the theft of said pin by defendant's porter on said car.

From judgment on the verdict, plaintiffs appealed to the Supreme Court.

*Manning & Manning for plaintiffs.*
*Pou & Pou for defendant.*

PER CURIAM. The judgment upon the verdict rendered at the trial of this action in the Superior Court must be affirmed, unless there was error prejudicial to plaintiffs, as contended by them upon their appeal to this Court, in the instructions given to the jury by the court, or in the refusal to give instructions as requested by them, pertinent to the first issue. This issue was answered adversely to the contentions of plaintiffs. There are no assignments of error based upon exceptions to the admission or exclusion of evidence.

An examination of the entire record, and a careful consideration of the assignments of error presented for our consideration by plaintiffs' appeal, disclose no error for which the judgment should be set aside and a new trial ordered. Upon the facts as all the evidence tended to show, there was no error in the instructions given. Nor was there any error in the refusal to give the instructions requested by plaintiffs. According to the testimony of the *feme* plaintiff, the bar pin was not lost while she was asleep in her berth; it was lost while she was absent from her berth, in the dressing-room of the car, where she had gone to make her toilet, preparatory to leaving the car in the morning, after the arrival at Raleigh. She testified that she left the pin in the berth, and that upon her return it had disappeared.

The evidence relied upon by plaintiffs to sustain their contentions that the pin was lost as the result of the negligence of defendant, or of the theft of the pin by defendant's porter, while the *feme* plaintiff was in the dressing-room, was submitted to the jury, under the instructions of the court, which are free from error.

The verdict was adverse to the contentions of plaintiffs, and the judgment must be affirmed.

No error.